## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2702-KHV |
| | ) | |
| YOSIMAR MARTINEZ, a/k/a YOSIMAR | ) | |
| MARTINEZ-BAHENA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On November 14, 2019, the United States of America filed a mortgage foreclosure and reformation action against Yosimar Martinez, a/k/a Yosimar Martinez-Bahena, who proceeds pro se. Complaint (Doc. #1). This matter is before the Court on plaintiff's Motion For Summary Judgment (Doc. #15) filed July 10, 2020. Defendant has not responded to plaintiff's motion.[1] For reasons stated below, the Court sustains the motion.

## Legal Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Hill v. Allstate Ins. Co., 479 F.3d 735, 740 (10th Cir. 2007). A factual dispute is "material" only if it "might affect the outcome of the

---

[1] Under D. Kan. Rule 6.1(d)(2), defendant had until July 31, 2020 to file a response to plaintiff's summary judgment motion. As of August 13, 2020, defendant has not filed a response and plaintiff's motion is therefore unopposed.

suit under the governing law." Liberty Lobby, 477 U.S. at 248. A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position. Id. at 252. The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus.Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence. Nahno-Lopez, 625 F.3d at 1283.

The Court views the record in the light most favorable to the nonmoving party. See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991). It may grant summary judgment if the nonmoving party's evidence is merely colorable or is not significantly probative. See Liberty Lobby, 477 U.S. at 250-51. In response to a motion for summary judgment, a party cannot rely on ignorance of facts, speculation or suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988); Olympic Club v. Those Interested Underwriters at Lloyd's London, 991 F.2d 497, 503 (9th Cir. 1993). The heart of the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52.

## Factual And Procedural Background

The uncontroverted facts are as follows:[2]

On April 9, 2013, defendant executed and delivered to plaintiff, through the Rural Housing Service of the United States Department of Agriculture, a promissory note in which he agreed to pay $113,500.00 in principal together with interest at the rate of 3.125 per cent (3.125%) per annum on the unpaid balance.   In exchange for the promissory note, pursuant to the provisions of Title V of the Housing Act of 1949, 42 U.S.C. § 1471 et seq., plaintiff made a rural housing loan to defendant.

On April 9, 2013, to secure repayment of the promissory note, defendant executed and delivered to plaintiff a purchase money security interest in the form of a real estate mortgage on real property at 728 S. Jordan, Liberal, Kansas 67901, in Seward County, Kansas.   The legal description of the real property is as follows:

> SURFACE AND SURFACE RIGHTS ONLY, in and to: The East Half (E/2) of Lot Seven (5), Block Ten (10), SOUTHLAWN GARDENS ADDITION, PLAT NO. 2, to the City of Liberal, Seward County, Kansas, according to the recorded plat thereof.

Due to an error at origination, the real estate mortgage refers to "Lot Seven (5)" when the parties intended to describe "Lot Five (5)."   On April 16, 2013, the parties filed the real estate mortgage in the office of the Register of Deeds of Seward County, Kansas, in Book 655 at Pages 330-335.

On January 14, 2014, defendant executed a subsidy repayment agreement with plaintiff. The real estate mortgage secures the recapture of any amounts granted under the subsidy

---

[2]      Under D. Kan. Rule 56(a), "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."   Because defendant has not responded to plaintiff's summary judgment motion, the material facts are uncontroverted.

repayment agreement.   Plaintiff may recover any amount due under the subsidy repayment agreement *in rem* only, and only after recovery of the principal (including advances and other recoverable costs) and accrued interest due on the promissory note through the date of sale of the real property.

Plaintiff is the owner and holder of the promissory note, real estate mortgage and subsidy repayment agreement.   Pursuant to these documents, if defendant fails to timely pay installments of principal and interest, plaintiff may declare the entire unpaid balance of principal plus interest to be immediately due and payable.

At some point, defendant defaulted for non-payment.   On November 6, 2017, plaintiff mailed a notice of acceleration to defendant, explaining that the full unpaid balance on the promissory note was immediately due and that he could appeal that decision.

As of February 12, 2019, the amount due on the promissory note was $110,661.38 of principal (including unpaid principal of $101,879.40, escrow replenish of $8,518.94, agency title report fees of $207.00 and late fees of $56.04); plus interest in the amount of $5,420.18 (including interest on principal of $5,303.35 and interest on advances of $116.83) accrued to February 12, 2019; plus interest accruing thereafter at the daily rate of $9.4691 (including daily interest on principal of $8.7226 and daily interest on advances of $0.7465) to the date of judgment; plus administrative costs (including the lis pendens filing fee and title report expenses) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Defendant also owes plaintiff the amount of $5,179.02 for interest credit or subsidy subject to recapture; plus interest after the date of judgment at the rate set forth in 28 U.S.C. § 1961; and foreclosure of defendant's interests in the real estate.

Plaintiff has not brought any other actions to recover these sums and has completed all loan servicing requirements of Title V of the Housing Act and its implementing rules and regulations.

Defendant's indebtedness is a first and prior lien on the real property described above.

Prior to defendant's default, he had paid less than one-third (1/3) of the original indebtedness secured by the mortgage.

On July 10, 2020, plaintiff filed a motion for summary judgment.   Plaintiff seeks judgment on the promissory note executed by defendant, and reformation and foreclosure of the real property mortgage that secures the promissory note.   Plaintiff seeks the *in rem* judgment of foreclosure and an *in personam* judgment against defendant for the amount due.

In accordance with District of Kansas Local Rule 56.1(f), plaintiff submitted a notice to defendant as a pro se litigant with information about how to respond to a summary judgment motion and the importance of deadlines.   Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment (Doc. #17) filed July 10, 2020.

Defendant did not respond to plaintiff's motion for summary judgment.

## Analysis

Under D. Kan. Rule 6.1(d)(2), defendant had until July 31, 2020 to file a response to plaintiff's summary judgment motion.   Defendant failed to timely file a response and plaintiff's motion is therefore unopposed.   Pursuant to D. Kan. Rule 7.4(b), a party who fails to file a responsive brief or memorandum within the time specified waives the right to later do so, and the Court will consider and decide the motion as uncontested.   Ordinarily, the Court will grant the

motion without further notice.   Id.   A party's failure to respond to a summary judgment motion, however, is not a sufficient basis on which to enter judgment.   Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).   Rather, the Court must determine whether judgment for the moving party is appropriate under Fed. R. Civ. P. 56.   The Court therefore accepts as true all material facts asserted and properly supported in the summary judgment motion.   Id.

Here, upon review of the record and for substantially the reasons stated in plaintiff's Memorandum In Support Of Summary Judgment (Doc. #16) filed July 10, 2020, the Court finds that no genuine issue of material fact exists and that as a matter of law, plaintiff is entitled to an *in rem* judgment foreclosing its mortgage on the real property at 728 S. Jordan, Liberal, Kansas 67901, an *in personam* judgment against defendant for the remaining amount due on the promissory note, and other relief as set forth in plaintiff's Complaint (Doc. #1) filed November 14, 2019.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Summary Judgment (Doc. #15) filed July 10, 2020 is **SUSTAINED**.

**IT IS FURTHERED ORDERED** that **on or before August 21, 2020**, plaintiff submit to chambers a proposed judgment consistent with this Memorandum And Order.

**IT IS SO ORDERED**.

Dated this 14th day of August, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-6-